

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00418-CR

LUCIO CAMACHO-ALQUISIRA A/K/A LUCIO ALQUISIRA CAMACHO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 3061, Honorable Gordon H. Green, Sitting by Assignment

October 22, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Lucio Camacho-Alquisira a/k/a Lucio Alquisira Camacho appeals the trial court's order for inpatient health commitment under Article 46C of the Texas Code of Criminal Procedure, contending that the evidence supporting the decision is insufficient and that the trial court erred in allowing testimony about the facts of the underlying offense. We affirm.

BACKGROUND

In 2018, Appellant was charged with murder and aggravated kidnapping of a child.[1] In 2019, the trial court found Appellant not guilty by reason of insanity and signed an order committing him for inpatient treatment. The trial court renewed the inpatient commitment order in the following years. In July of 2024, the trial court entered an agreed order appointing Dr. John Fabian, an independent psychologist and neuropsychologist, to examine Appellant to determine if he continued to meet the criteria for involuntary commitment. The order also required Appellant to appear and submit to the examination by Dr. Fabian. Despite the fact that Appellant agreed to the order, he refused to submit to an evaluation by Dr. Fabian.

On October 17, 2024, the Kerrville State Hospital, the facility to which Appellant was committed, requested a hearing on the matter of whether Appellant's continued hospitalization was required. Appellant's treatment team at the facility sought Appellant's discharge pursuant to article 46C.268 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 46C.268 (providing for advance discharge of acquitted person and termination of court's jurisdiction). At that time, Appellant's commitment was to expire on November 30, 2024.

The trial court conducted a status hearing on the matter on November 14, 2024. Appellant argued that he should be released, while the State sought a renewal of the order for inpatient treatment for another year. The trial court heard testimony from Dr.

---

[1] *See* TEX. PENAL CODE §§ 19.02, 20.04.

Brieann Olafsson, a psychologist at Kerrville State Hospital; Dr. Matthew Bradbury, a psychiatrist on Appellant's treatment team; Dr. Fabian; and Robert Hitt, a Texas Ranger.[2]

Following the hearing, the trial court entered an order recommitting Appellant to the Kerrville State Hospital until such time that Appellant submits to the examination by Dr. Fabian as ordered by the trial court, but in any event for not more than one year from November 30, 2024. Appellant timely filed this appeal.

## ANALYSIS

Applicable Law

A trial court may order that a person acquitted by reason of insanity be committed to inpatient treatment, as the trial court did in this case. TEX. CODE CRIM. PROC. art. 46C.256. It must then determine on an annual basis whether to renew its commitment order. *Id.* art. 46C.261(a). The trial court can renew the order for another year if it finds "by clear and convincing evidence that continued mandatory supervision and treatment are appropriate." *Id.* art. 46C.261(h). In cases where the trial court finds, as it did here, that the acquitted person's offenses involved dangerous conduct, the trial court retains jurisdiction over the acquitted person until either (1) the court discharges the person and terminates its jurisdiction pursuant to article 46C.268 or (2) "the cumulative total period of institutionalization and . . . treatment and supervision under the court's jurisdiction equals the maximum term provided by law for the offense of which the person was acquitted by

---

[2] Drs. Olafsson and Bradbury both opined that Appellant does not have a severe mental illness. Dr. Fabian was unable to make a diagnosis because Appellant refused to participate in his examination. Ranger Hitt testified, over Appellant's objection, about his investigation of the underlying offenses.

3

reason of insanity . . . ." *Id.* art. 46C.158. Article 46C.268 allows for an advance discharge, providing that the trial court "shall discharge the acquitted person from all court-ordered commitment and supervision and terminate the court's jurisdiction over the person if the court finds that the acquitted person has established by a preponderance of the evidence that: (1) the acquitted person does not have a severe mental illness . . . ." *Id.* art. 46C.268.

Renewal of Inpatient Commitment

By his first issue, Appellant claims that the trial court erred in renewing Appellant's inpatient commitment. The trial court's order provides as follows:

> The court further finds that [Appellant] was ordered by the court to submit to a forensic examination by Dr. John Fabian, that Dr. Fabian set up a meeting to conduct the examination, that [Appellant] refused to submit to said examination as ordered, and that refusal by [Appellant] significantly interfered with this court's legitimate exercise of its core functions in this case.
>
> The court further finds that in order to enable it to effectively perform its judicial functions under art. 46C.261, Tex. Code Crim. Proc., . . . that continued mandatory supervision and treatment are appropriate and that [Appellant] should be committed to inpatient treatment until he submits to the forensic examination ordered by this court . . . .
>
> . . .
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that [Appellant] is hereby committed to the KERRVILLE STATE HOSPITAL as an inpatient until he submits to the examination ordered, a report is filed and a hearing has been held . . . but in any event for not more [than] one year from November 30, 2024.

The order requires Appellant's status as an inpatient to continue until such time that Appellant complies with the Agreed Order for a Forensic Evaluation entered by the trial court in July of 2024. It is based on the trial court's finding that Appellant's refusal to

4

submit to the agreed-upon, court-ordered examination by Dr. Fabian interfered with the court's ability to perform its judicial function of determining whether Appellant has a severe mental illness. In short, the trial court's order is not an order renewing Appellant's inpatient commitment pursuant to article 46C.261 but is instead an order requiring Appellant's compliance with a prior court order so that the court is able to make its determination under article 46C.261.

"A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." TEX. GOV'T CODE § 21.001(a). Further, it has inherent broad power to control its proceedings "so that justice is done." *Id.* § 21.001(b). Appellant has not suggested that the agreed order is not binding, nor has he argued that what he was required to do under the order was ambiguous or unenforceable. We find no error in the trial court's order requiring Appellant's compliance with the order and maintaining Appellant's status as a patient until such time as Appellant complies. Accordingly, we overrule Appellant's first issue.

Testimony of Ranger Hitt

In his second issue, Appellant contends that the trial court erred in permitting Ranger Hitt to testify because he had no medical or psychological background and no opinion as to whether Appellant has a severe mental illness. Appellant argues that Ranger Hitt's testimony offered "no fact of consequence to determine whether [Appellant] should be granted an advance discharge based on his lack of a severe mental illness . . . ."

5

Even if the trial court's admission of Hitt's testimony was erroneous, under the circumstances of this appeal, any such error would have been harmless. Pursuant to Rule 44.2(b) of the Texas Rules of Appellate Procedure, "non-constitutional error must be disregarded unless it affects the defendant's substantial rights," i.e., the error had a substantial and injurious effect or influence in determining the verdict. *Barshaw v. State*, 342 S.W.3d 91, 93–94 (Tex. Crim. App. 2011) (citing TEX. R. APP. P. 44.2(b)). Here, the order Appellant appealed from did not reach the merits of the parties' arguments concerning Appellant's mental health status. Accordingly, we conclude that any error did not affect Appellant's substantial rights and was harmless. We overrule Appellant's second issue.

## CONCLUSION

For the reasons set forth above, we affirm the trial court's order committing Appellant to Kerrville State Hospital until he submits to the examination previously ordered.

Judy C. Parker
Justice

Do not publish.